IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

**FILED**
MAR 27 1997
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| JERRY L. HOLLIS ) | |
| ) | |
| Plaintiff ) | |
| ) | CV NO. 96-HM-1125-J |
| vs. ) | |
| ) | **ENTERED** |
| FIRST STATE BANK OF LAMAR COUNTY, ) | |
| FIDELITY & GUARANTY INSURANCE ) | MAR 28 1997 |
| COMPANY, JOHN BOYETT, BILLY FORD ) | |
| BOYETT and Fictitious Party ) | |
| Defendants A - C ) | |
| ) | |
| Defendants ) | |

FIRST STATE BANK OF LAMAR COUNTY, )
BILLY FORD BOYETT, JOHN BOYETT )
and BASIL MIXON )
)
    Defendants and )
    Third-Party Plaintiffs )
)
vs. )
)
ST. PAUL FIRE & MARINE INSURANCE )
COMPANY, INC., ST. PAUL MERCURY )
INSURANCE COMPANY and Fictitious )
Party Defendants A - Z and 1 - 100 )
)
    Third Party Defendants )

## MEMORANDUM OF DECISION

    The above entitled civil action is before the Court upon Plaintiff Jerry L. Hollis' Motion to Remand [filed May 13, 1996]. For the reasons hereinafter stated, this Court finds and holds that the above entitled civil action is due to be remanded to the Circuit Court of Marion County, Alabama from whence it was removed.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 1996, Plaintiff Jerry L. Hollis commenced this civil action in the Circuit Court of Marion County, Alabama against Defendants First State Bank, Fidelity & Guaranty Insurance ["F&G"], John Boyett, Billy Ford Boyett and various fictitious party defendants alleging fraud, fraudulent suppression and forgery.

In his Complaint in the instant action, Plaintiff Hollis alleges fraud, fraudulent suppression and forgery against Defendants First State Bank, F&G, John Boyett and Billy Ford Boyett. Plaintiff alleges that he received a loan from Defendant/Third Party Plaintiff First State Bank, that he was told by First State Bank that he could receive credit life insurance incident to receiving the loan and that he paid premiums toward the purchase of credit life insurance. Plaintiff further alleges that Defendants First State Bank, John Boyett and Billy Ford Boyett were responsible for Plaintiff's allegedly forged signature to be placed onto a document which resulted in a twenty-five thousand dollars [$25,000.00] flexible premium adjustable death benefit life insurance policy to be taken out on Plaintiff's life through Defendant F&G.

On April 11, 1996 Defendants First State Bank, Billy Ford Boyett and John Boyett filed a Third Party Complaint against their Insurer St. Paul and numerous fictitious party defendants. It is this Third Party Complaint which is at issue in this removed action.

2

On the same date in the Circuit Court of Marion County, Defendants also filed two additional Third Party Complaints. These Third Party Complaints were filed against: [1] Insurer United States Fidelity and Guaranty Company, Fidelity and Guaranty Insurance Underwriters, Inc., Fidelity and Guaranty Insurance Company and numerous fictitious party defendants; and [2] Continental Casualty Company, American Casualty of Reading, Virgina Surety Company, Inc. and numerous fictitious party defendants. In its Third Party Complaint against Defendant St. Paul, Plaintiffs allege that: [1] First State Bank was insured by the insurers under insurance policies that provided coverage for the actions alleged by Plaintiff Hollis in the Original Complaint; [2] St. Paul is liable under the insurance contract for indemnification and a defense; and [3] St. Paul breached its insurance contract with First State Bank through fraud, reckless or wanton fraud, intentional fraud, fraudulent suppression and bad faith.

On April 15, 1996 Defendants/Third Party Plaintiffs First State Bank, Billy Ford Boyett and John Boyett filed a Cross-Complaint against Third Party Defendant USF&G alleging fraud, misrepresentation, fraudulent suppression, deceit, conspiracy to defraud, forgery and conversion.[1] On April 30, 1996 Third Party Defendant St. Paul filed a Notice of Removal to this federal district court asserting that the Court has jurisdiction of the above entitled civil action pursuant to U.S.C. § 1332(a)(1)

---

[1] Subsequent to the removal of this civil action, Defendant F&G filed a Motion to Dismiss Cross Claim [filed May 6, 1996] in this federal district court.

[diversity of citizenship and amount in controversy] and U.S.C. § 1441(a).

This case is related to a series of more than thirty lawsuits first commenced in 1992 in the Circuit Court of Lamar County, Alabama against Defendants First State Bank of Lamar County ["First State Bank"], Billy Ford Boyett, John Boyett, Basil Mixon and Fidelity & Guaranty Life Insurance Company. Defendant First State Bank is a banking corporation organized under the laws of Alabama with its principal place of business in Sulligent, Alabama. Defendants John Boyett, Basil Mixon and Billy Ford Boyett are officers of Defendant First State Bank.

The above-referenced lawsuits were first filed in September, 1992 and at intermittent times thereafter and arise out of the same set of facts and circumstances, *inter alia*, that the individual plaintiffs [customers of Defendant First State Bank] allege that loans which they received from Defendant First State Bank were represented to have been accompanied by credit life insurance when in fact, no such insurance was procured by Defendants. Defendants are insured under various policies issued by several companies, including: [1] Third Party Defendants Fidelity and Guaranty Insurance, United States Fidelity & Guaranty Life Insurance Company and/or Fidelity and Guaranty Insurance Underwriters, Inc. [referred to collectively as "USF&G"]; [2] Third Party Defendants American Casualty Company of Reading, Pennsylvania and/or Continental Casualty Company [referred to collectively to as "American Casualty"]; and [3] Third Party Defendants St. Paul Fire & Marine

4

Casualty"]; and [3] Third Party Defendants St. Paul Fire & Marine Insurance Company, Inc. and/or St. Paul Mercury Insurance Company [referred to collectively as "St. Paul"]. Defendants USF&G are insurance corporations organized under the laws of Iowa doing business in Alabama. Third Party Defendants St. Paul are insurance corporations incorporated in the State of Minnesota with their principal place of business in Minnesota. Third Party defendants American Casualty are insurance corporation organized under the law of Pennsylvania with its principal place of business in Illinois.

On October 5, 1995, in the United States District Court, Northern District of Alabama, Jasper Division [CV-B-2567-J, United States District Judge Sharon Lovelace Blackburn presiding], Insurer American Casualty commenced a civil action seeking a declaratory judgment arising out of the same set of facts and circumstances as the civil actions filed by the thirty-one individual plaintiffs in the Circuit Court of Lamar County as to whether they were responsible to defend and indemnify their insureds -- Defendants First State Bank, First State Holding, Billy Ford Boyett, John Boyett and Basil Mixon. On November 6, 1995, Insurer USF&G commenced a civil action in the United States District Court, Northern District of Alabama, Jasper Division, [CV 95-HM-2844-J, Senior United States District Judge E.B. Haltom, Jr., presiding] seeking a declaratory judgment similar to the one sought in the civil action filed in federal district court in CV 95-B-2567-J. On December 14, 1995, by agreement between United States District Judge Blackburn and United States Senior District Judge E.B.

5

consolidated with Judge Haltom presiding over the consolidated action. This consolidated action is now pending before Judge Haltom.

On November 3, 1995, Defendants and Third Party Plaintiffs First State Bank, Billy Ford Boyett and John Boyett filed a Third-Party Complaint against their three insurers [Third Party Defendants USF&G, American Continental and St. Paul] in the Circuit Court of Lamar County for a declaration of rights in each of the thirty-one lawsuits filed there. On December 21, 1995, Third Party Defendant St. Paul removed the civil actions filed by individual plaintiffs in the Circuit Court of Lamar County to the United States District Court, Northern District of Alabama, Jasper Division, United States District Court Judge Sharon Lovelace Blackburn, presiding [docketed as CV 95-B-3342-J through CV 95-B-3371-J].

On January 10, 1996, the individual plaintiffs in these civil actions removed from the Circuit Court of Lamar County filed Motions to Remand in each of the thirty-one cases. On August 26, 1996, United States District Judge Blackburn entered Memorandum Opinions and contemporaneous Remand Orders in the thirty-one removed civil actions, CV 95-B-3342-J through CV 95-B-3371-J remanding the cases to the Circuit Court of Lamar County, Alabama.

On May 13, 1996 Plaintiff Jerry L. Hollis in the instant case timely filed a Motion to Remand contending that the removal was improper because Defendants had removed only the third-party claims and made no attempt to remove the underlying action and because

6

Defendants had failed to establish that the third party claim was sufficiently "separate and independent" from the original action.

## DISCUSSION

For the reasons stated in the Memorandum Opinion entered by United States District Judge Sharon Lovelace Blackburn in *Humbers vs. First State Bank of Lamar County,* CV 95-B-3299-J (N.D. Ala. Aug. 26, 1996)[2], which is attached hereto and incorporated herein by reference, the Court is of the opinion that Plaintiff's Motion to Remand is due to be granted. An appropriate order will be entered with the entry of this Memorandum of Decision and consistent with the views herein expressed.

As the above entitled civil action is being remanded to the Circuit Court of Marion County, Alabama, this Court hereby declines to address Defendant F&G's Motion to Dismiss Cross Claim [filed May 3, 1996].

DONE this **27th** day of March, 1997.

_____
E. B. HALTOM, JR.
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] *Humbers vs. First State Bank of Lamar County* arises out of the same set of facts and circumstances as the instant case. It is one of the thirty-one cases removed from the Circuit Court of Lamar County, Alabama on December 21, 1995 to the United States District Court, Northern District of Alabama, Judge Sharon Lovelace Blackburn presiding. On August 26, 1996 Judge Blackburn remanded *Humbers* and the other removed thirty cases to the Circuit Court of Lamar County, Alabama.

7

FLORENCE, ALABAMA ADDRESS:

U.S. District Court
Northern District of Alabama
U.S. Post Office & Courthouse
210 North Seminary Street
P.O. Box 1076
Florence, AL  35630
Telephone: 205/760-8415

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

96 AUG 26 PM 1:47

U.S. ......
N.D. OF AL......

| | |
|---|---|
| ROGER HUMBERS,<br><br>   Plaintiff,<br><br>v.<br><br>FIRST STATE BANK OF LAMAR COUNTY; JOHN KELLY SMITH; BILLY FORD BOYETT; JOHN BOYETT; BASIL MIXON; UNITED STATES FIDELITY & GUARANTY; FIDELITY & GUARANTY LIFE INSURANCE COMPANY,<br><br>   Defendants,<br><br>─────────────────────<br><br>FIRST STATE BANK OF LAMAR COUNTY, BILLY FORD BOYETT, JOHN BOYETT, BASIL MIXON,<br><br>   Defendants/<br>   Third Party Plaintiffs,<br><br>v.<br><br>ST. PAUL FIRE & MARINE INSURANCE COMPANY, INC.; ST. PAUL MERCURY INSURANCE COMPANY,<br><br>   Third Party Defendants. | CASE NO. CV 95-B-3299-J  *pmk*<br><br>ENTERED<br><br>AUG 26 1996 |

## MEMORANDUM OPINION

APPENDIX

*19*

This matter is before the court on the Motion to Remand filed by plaintiff Roger Humbers.[1] Upon consideration of the relevant law and the arguments of counsel, the court is of the opinion that the motion is due to be granted.

## FACTUAL SUMMARY

Plaintiff filed his Complaint in the Circuit Court for Lamar County, Alabama, on March 14, 1995, alleging fraud, breach of contract, forgery, conversion, outrage and other state and common law causes of action against the following defendants: (1) First State Bank of Lamar County, (hereinafter "First State"); (2) John Kelly Smith; (3) Billy Boyett; (4) John Boyett; (5) Basil Mixon; (6) Fidelity & Guaranty Insurance Company, (hereinafter "F&G"); and (7) United States Fidelity & Guaranty Insurance Company, (hereinafter "USF&G"). (Motion to Remand ¶ 1). Plaintiff alleges: (1) that he received a loan from defendant/ third party plaintiff First State, (2) that he intended to purchase credit life insurance incident to receiving the loan, and (3) that he paid premiums toward the purchase of credit life insurance. (Fourth Amended Complaint ¶ 11). Under the terms of the credit life insurance, First State was to be the beneficiary for purposes of paying off and retiring plaintiff's debt in event of plaintiff's death. *Id.* ¶ 13. According to plaintiff, defendants either allowed, placed, or caused plaintiff's forged signature to be put onto a document which resulted in approximately twenty-five thousand dollars, ($25,000), of life insurance coverage to be taken out on plaintiff's life with F&G and USF&G. *Id.* ¶ 14. Subsequently, plaintiff alleges that term insurance, not credit life insurance, was issued on his life. *Id.*

---

[1] The issues raised in the instant Motion to Remand are the same as the Motions to Remand filed in civil action numbers 95-B-3342-J and 95-B-3371-J.

2

Defendants are insured under various policies. Two of the insurers are St. Paul Fire & Marine Insurance Company, Inc. and St. Paul Mercury Insurance Company, (hereinafter collectively referred to as "St. Paul"). On November 2, 1995, defendant/ third party plaintiff First State filed a third party complaint against third party defendants St. Paul alleging that First State was insured by St. Paul under insurance policies that provided coverage for the actions alleged by plaintiff in the underlying suit against First State. St. Paul filed a Notice of Removal on December 28, 1995 seeking to remove the thirty-one cases comprising the First State Bank Litigation, including this matter. St. Paul stated in its Notice of Removal that this action is removable pursuant to 28 U.S.C. § 1332 (1994), the diversity statute, and 28 U.S.C. § 1441(a) (1994). (Notice of Removal ¶ 5).

## DISCUSSION

### Attempted Removal of Third Party Claim Only

Third party defendants stated in their Notice of Removal that they were filing the Notice of Removal as to the third party claims. The first issue for the court is whether a third party defendant may remove only the third party claims.

The removal of cases from state court to federal court is governed by 28 U.S.C. § 1441 (1994) which states, in part, the following:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .
>
> . . .
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title

3

> is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(a) & (c). *In Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248 (11th Cir. 1988), the Eleventh Circuit held that "[w]hen a removal petition is filed and proper notice is given, the entire case is transferred to the federal district court. *Id.* at 1251.

The court finds that third party defendants St. Paul may not attempt to remove only the third party claims to federal court. Accordingly, the court will consider St. Paul's Notice of Removal as an attempt to remove the entire action to this court.

**Third Party Removal Under 28 U.S.C. § 1441(a)**

Third party defendants St. Paul state in their Notice of Removal that this action is removable to federal court under 28 U.S.C. § 1441(a). (Notice of Removal ¶ 6). St. Paul does not attempt to rely on 28 U.S.C. § 1441(c). St. Paul relies on several cases in support of its proposition, most notably, *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980).[2] (*See* Notice of Removal ¶ 6) (listing several cases on which third party defendants rely).

The court in *Carl Heck* stated that "[i]f the third party complaint states a separate and independent claim which if sued upon alone could have been brought properly in federal court, there should be no bar to removal. *Carl Heck*, 622 F.2d at 136. Subsequently, in *Charter*

---

[2] Subsequent to the *Carl Heck* decision, § 1441 (c) was amended to include the provision that the separate and independent claim must come within the court's jurisdiction as conferred by 28 U.S.C. § 1331 for § 1441(c) to apply. *See Carl Heck*, 622 F.2d at 135 (quoting the pre-amendment § 1441(c) which does not contain the reference to § 1331 as found in the 1990 amended § 1441(c)).

4

*Medical Corp. v. Friese*, 732 F. Supp. 1160 (N.D. Ga. 1989), the court, citing to the *Carl Heck* decision, stated the following: "[I]n the Eleventh Circuit, the law permits a third-party defendant to remove an action where a separate and independent controversy is stated in the third-party complaint." *Id.* at 1162 (citation omitted). *Carl Heck* is distinguishable from the case before this court as the court in *Carl Heck* considered the removability question under § 1441(c), while in this case, St. Paul's Notice of Removal cites to § 1441(a) as the basis for removal. Additionally, the "separate and independent" language in *Friese* indicates that the court, as in *Carl Heck*, considered removability under § 1441(c) not 1441(a).

Prior to the *Carl Heck* decision, several courts reviewed the status of third parties as defendants under § 1441(a). Third party defendants St. Paul cite to *Central of Georgia Ry. Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir. 1970) for the proposition that a third party is a "defendant" within the meaning of § 1441(a) and may remove an action to federal court under § 1441(a). (Notice of Removal ¶ 6). In *Riegel*, the third party defendant petitioned for removal based on diversity of citizenship. The defendant/ third party plaintiff filed a motion to remand which the district court granted "holding that the third party complaint did not raise a 'separate and independent claim' as required for removal under § 1441(c)." *Riegel*, 426 F.2d at 937. The state trial court severed the third party action for trial purposes and the third party defendant again petitioned for removal under § 1441(c). *Id.* The district court granted the plaintiff's motion to remand the original action and denied the third party plaintiff's motion to remand the indemnity action, thereby retaining jurisdiction over the indemnity action. *Id.* The district court then certified the case for interlocutory appeal to the Fifth Circuit Court of Appeals and the court

5

accepted the interlocutory appeal. *Id.* On appeal, the court noted that § 1441(c) was inapplicable as it describes the conditions under which a party may remove an entire case to federal court and does not address questions of removability where the third party and the original actions are severed. *Id.* at 937-38. The court noted that the severance of the original and third party actions by the Alabama trial court was tantamount to treating the case as two lawsuits. *Id.* at 938. The court then analyzed whether the third party defendant was a defendant under § 1441(a). The court stated that "[w]here removal would not have the effect of defeating plaintiff's choice of forum, the federal courts could recognize that a party in [the third party defendant's] position is as much a 'defendant' as if an original action had been brought against him." *Id.*

*Riegel* is distinguishable from this case because the underlying action and the third party action have not been severed. The decision of the state court in *Riegel* to sever the original and third party actions was important to the court's analysis of the ability of the third party defendant to remove under § 1441(a). Thus, the court conditioned its determination that the third party defendant was a defendant pursuant to § 1441(a) on a finding that the removal of the third party action to federal court would not defeat the plaintiff's choice of forum as the two actions had been separated and the district court had remanded the original case to state court. *Id.* at 937-38. Likewise, the continued joinder of the original and third party actions in this case is an important consideration for the court and the *Riegel* decision is not directly applicable.

Later, in *Gamble v. Central of Georgia Ry. Co.*, 356 F. Supp. 324 (M.D. Ala. 1973), *rev'd on other grounds*, 486 F.2d 781 (5th Cir. 1973) the court stated that "within the meaning

6

SEP-06-1996 09:25    205 731 0742    97%    P.09

MAR-27-1997 15:49    205 764 5836    97%    P.15

Case 6:96-cv-01125-EBH Document 5 Filed 03/27/97 Page 15 of 19

of the terms of § 1441(a), a third-party defendant is a defendant. . . ." After summarizing the holding and analysis in *Riegel* the court noted:

> **While, because of factual differences, we may not be found [sic] by the Fifth Circuit's construction of the word "defendant,"** we agree that, within the meaning of the terms of § 1441(a), a third-party defendant is a defendant and that the purpose of the removal statute of providing a federal forum to an "out-of-stater sued in state court" is best served thereby.

*Id.* (emphasis added). While the court made this statement, the real issue in the case was whether the provisions of 28 U.S.C. § 1441(c) permitted removal of an otherwise unremovable action. Similarly, in *Peturis v. Fendley*, 496 F. Supp. 203, 204 (S.D. Ala. 1980) the court followed *Riegel* and *Gamble* in stating that a third party defendant may be a defendant within the meaning of 28 U.S.C. § 1441(a). However, like in those cases, the true issue in *Peturis* was whether removal was proper under § 1441(c).

In *Hayduk v. United Parcel Service, Inc.*, 930 F. Supp. 584 (S.D. Fla. Apr. 25, 1996), the court considered third party removability under 28 U.S.C. § 1441(a) in light of the *Carl Heck* holding and found that third party defendants may not remove an action under § 1441(a):

> The District Court for the Eastern District of Louisiana, in *National Fishing Tools, Inc. v. Galaxy Wireline, Inc.*, 1989 WL 132802 (E.D. La. 1989), specifically declared that third-party defendants have the right to remove under § 1441(a). The court, relying on the Fifth Circuit's opinion in *Carl Heck*, 622 F.2d at 133, held "if a third-party defendant can remove the entire action, including a nonremovable claim, under 1441(c) [citations omitted] it seems that third-party defendant may remove an entire action involving two removable claims under 1441(a)." *Id.* at *2. Such reliance on *Carl Heck* is curious at best, given that *Carl Heck*, dealt exclusively with the right of third-party defendants to remove pursuant to § 1441(c), and at no point questioned the otherwise universal acceptance that § 1441(a) is restricted merely to the

7

MAR-27-1997 15:49 205 764 5836 98% P.16

> original defendant or defendants as joined by the plaintiff. This
> Court finds no reason to disagree with the multitude of courts that
> have previously determined that § 1441(a) is not a proper removal
> provision for a third party defendant.

*Id.* at 590.

Similarly, in *Schmidt v. Ass'n of Apartment Owners of Marco Polo Condominium,* 780 F. Supp. 699 (D. Haw. 1991), the court discussed the scope of the *Carl Heck* holding and the rationale for limiting third party removals and noted:

> The only other court of appeals to consider the issue has
> held that third-party defendants may remove actions, but only if the
> removal is based on a cause of action in the third-party complaint
> that is "separate and independent" from the other claims in the case
> pursuant to § 1441(c). *See Carl Heck Engineers v. Lafourche Paris
> Police,* 622 F.2d 133 (5th Cir. 1980). A substantial minority of
> district courts have also allowed removal of separate and
> independent claims against third and fourth-party defendants. . . .
> One rationale for not allowing third-party removal is that third-party
> causes of action are usually incidental or ancillary to the main
> claim. . . . This problem can be overcome, however, by allowing
> removal only when the third-party claim is a separate and
> independent cause of action, pursuant to § 1441(c). The courts that
> have allowed third-party removal have so limited the removal power
> of third-party defendants. *See, e.g., Carl Heck Engineers, supra,*,
> 622 F.2d at 135.

*Schmidt,* 780 F. Supp. at 702-03 (citation omitted). Thus, the *Schmidt* court also recognized that the *Carl Heck* decision was limited in its scope to those actions brought under § 1441(c).

This court, consistent with the holding in *Hayduk,* 930 F. Supp. at 590, and *Schmidt,* 780 F. Supp. at 702-03, concludes that *Carl Heck* does not authorize removal by a third party defendant under § 1441(a).

8

### Third Party Removal Under 28 U.S.C. § 1441(c)

St. Paul's Notice of Removal relies on § 1441(a), to the exclusion of § 1441(c), as the basis for removing this action. (Notice of Removal ¶ 6) (stating that the action is removable pursuant to § 1441(a)). The court will nevertheless analyze whether St. Paul, as the third party defendants, may remove this action under § 1441(c) as the parties have extensively discussed in their submissions to the court the possibility of removal under § 1441(c). Section 1441(c) governs the removability of cases where separate and independent causes of action within the jurisdiction conferred by 28 U.S.C. § 1331[3] are joined with otherwise non-removable claims. 28 U.S.C. § 1441(c).

Third party defendants St. Paul allege that this court has original jurisdiction pursuant to 28 U.S.C. § 1332, the diversity statute. (Notice of Removal ¶ 5). As the third party defendants do not assert § 1331 as a basis of federal jurisdiction, the court finds, based on the pleadings, that St. Paul cannot rely on § 1441(c) as a basis for removal of this action. Nevertheless, the court will look beyond the specific allegations as contained in the Notice of Removal and consider whether St. Paul may remove this action to federal court.

Section 1441(c) states that an entire case may be removed where there is a separate and independent claim or cause of action within the jurisdiction of 28 U.S.C. § 1331 that is joined with one or more claims that are otherwise non-removable. 28 U.S.C. § 1441(c). Thus, the court must first consider whether a cause of action exists under § 1331.

---

[3] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

9

The Fourth Amended Complaint filed by plaintiff in December, 1995 contains the following fifteen counts: (1) fraud, pursuant to ALA. CODE § 6-5-100 (1975); (2) misrepresentation, pursuant to ALA. CODE § 6-5-101 (1975); (3) suppression, pursuant to ALA. CODE § 6-5-102 (1975); (4) deceit, pursuant to ALA. CODE §§ 6-5-103 (1975) & 6-5-104 (1975); (5) conspiracy to defraud; (6) forgery; (7) breach of contract; (8) conversion; (9) civil conspiracy to convert; (10) breach of fiduciary obligations; (11) intentional/negligent failure to procure coverage, (12) lottery; (13) negligent hiring, training, retention, and supervision of defendant John Kelly Smith; (14) negligent hiring training, retention, and supervision of defendants Billy Fory Doyett, John Boyett, and Basil Mixon; and (15) outrage. (Fourth Amended Complaint at 7-26). The third party complaint filed by the third party plaintiffs on November 3, 1995 contains six counts, one for each of the following: (1) breach of contract, (2) fraud, (3) reckless or wanton fraud, (4) intentional fraud, (5) fraudulent suppression, and (6) bad faith. (Third-Party Complaint at 7-15). Neither the Fourth Amended Complaint nor the Third-Party Complaint allege any causes of action which arise under the Constitution, laws, or treaties of the United States. Accordingly, the court holds that no jurisdiction exists under 28 U.S.C. § 1331 and this matter is not removable under 28 U.S.C. § 1441(c). As the court has found that no cause of action is alleged which would create federal question jurisdiction under 28 U.S.C. § 1331, it is not necessary to review the "separate and independent" requirement of § 1441(c).

10

## CONCLUSION

Because § 1441(a) is not a proper removal provision for a third party defendant, the court finds that the motion to remand filed by plaintiff is due to be granted. An Order consistent with this Opinion will be entered contemporaneously forthwith.

DONE this 26th day of August, 1996.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge

11

SEP-06-1996 09:27    205 731 8742    96%    TOTAL P.014
                                                      P.14
MAR-27-1997 15:50    205 764 5836    99%    TOTAL P.20
                                                      P.20